PER CURIAM.
Terry L. Gray appeals from an amended judgment adjudicating him guilty of contempt of court and a sentence of five (5) months and twenty-nine (29) days in jail to run consecutively to a sentence he is presently serving. We reverse.
The state subpoenaed appellant to testify in the trial of Wisben Samedi. Samedi had been arrested, along with appellant and another, approximately ten months prior to trial. The state charged Samedi with possession of cocaine, but did not charge appellant. During the state’s case-in-chief, appellant testified that he did not recall making a certain unsworn statement allegedly inculpating Samedi. The state offered a portion of the arrest report, containing the general substance of the alleged statement, in an attempt to refresh appellant’s recollection. Appellant testified that he still did not recall making the statement; because of this the trial court declared appellant an adverse witness. The trial court stated:
*1014 I can t hold it against your client that he doesn’t remember. I can hold it against him if I think he is lying. I suspect she [the prosecutor] can charge him with perjury if he is lying.
The trial court then found appellant in contempt of court based upon his memory lapse.
We find the the case of State ex rel. Luban v. Coleman, 138 Fla. 555, 189 So. 713 (1939), instructive. In Coleman, the witness recalled he had had a conversation with one of three men, but testified that he could not recall which man. The supreme court opined:
It would indeed be unthinkable to hold that a trial judge may send any man to prison for contempt of court because he says he cannot remember which of three men made statements to him on some occasion more than a year in the past merely because the judge thinks he should remember. A witness should not be coerced to swear that he remembers a thing if he does not remember it.
Id. 189 So. at 714.
Accordingly, we reverse the order adjudicating appellant in contempt of court and remand this cause with instructions to vacate the Amended Judgment of Guilt and Sentence.
REVERSED and REMANDED.
DELL, STONE and WARNER, JJ., concur.